IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                       PLAINTIFF

V.                              CASE NO. 5:11-CR-50033

JAMES B. MITCHELL                                                               DEFENDANT


**MEMORANDUM OPINION AND ORDER**

Currently before the Court are the Report and Recommendation ("R & R") (Doc. 36) filed in this case on January 29, 2015, by the Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas, regarding Plaintiff James B. Mitchell's ("Mitchell") 28 U.S.C. § 2255 Amended Motion to Vacate, Set Aside, or Correct Sentence (Doc. 20) and Mitchell's Objections to the R & R (Doc. 37).  In light of Mitchell's Objections to the R & R, the Court has conducted a *de novo* review of the record, focusing in particular on the portions of the R & R to which specific objections have been made, in accordance with 28 U.S.C.§ 636(b)(1)(C).  After review, the Court finds that the objections lodged by Mitchell offer neither law nor fact requiring departure from the Magistrate's findings. Accordingly, the Magistrate's R&R (Doc. 36) is **ADOPTED IN ITS ENTIRETY** and Mitchell's § 2255 Amended Motion to Vacate (Doc. 20) is **DENIED**.

**I. BACKGROUND**

On March 2, 2011, Mitchell waived indictment and consented to prosecution by an Information (Doc. 1), which charged Mitchell with knowingly and willfully making a materially false, fictitious, and fraudulent statement and representation in an application to the Social Security Administration for the purpose of obtaining retirement payments

under the Social Security Act, in violation of 18 U.S.C. § 1001(a)(2). Also on March 2, 2011, Mitchell entered into a Plea Agreement (Doc. 4) wherein he agreed to plead guilty to the one-count Information. On June 20, 2011, Mitchell was sentenced to 12 months imprisonment, with the terms to run consecutively to the sentence imposed in Case No. 5:10-CR-50067 (the "prior case"). Mitchell did not appeal the judgment. On June 28, 2012, Mitchell filed the present § 2255 Motion to Vacate, subsequently amended on August 29, 2012, asserting seven grounds for relief. The Magistrate recommends denying the Motion on all seven grounds.

Mitchell now offers objections in response to the Magistrate's recommendations as to all grounds. As to grounds two and seven, the Court agrees with the Magistrate's determination that these arguments were procedurally defaulted because they were not brought on direct appeal. Nevertheless, the Court will address Mitchell's substantive objections, turning first to those objections that raise ineffective assistance of counsel allegations.

First, Mitchell objects to dismissal of grounds one, three, five, and six, citing ineffective assistance of counsel, contending as follows: (1) his attorney, Greg Klebanoff, should have insisted at the change of plea hearing that the Government's counsel maintain her promise to recommend that his sentences run concurrently; (2) the Government's counsel acted in bad faith when she threatened to indict him on other charges if he did not agree to plead guilty to the instant offense, and Klebanoff improperly remained silent regarding his offer to cooperate; (3) Klebanoff failed to argue that enhancing his sentence by considering his criminal history is a violation of the Fourteenth Amendment; and (4) Klebanoff failed to argue that supervised release is unconstitutional.

Second, as to ground two, Mitchell asserts that the Government breached the terms of the plea agreement in the prior case by bringing the charge in this case, as it stems from activities described in the Superseding Indictment in his prior case, because the proceeds from the escort business are the same proceeds he had fraudulently under reported on his application for social security benefits.

Third, as to ground four, Mitchell contends that he is actually innocent, and that he "succumbed to the Government's threats of indicting him on this and other bogus charges to avoid several more months in a county jail." (Doc. 37, p. 18). In support of his contention, he includes letters from Klebanoff to the Government's counsel stating that he is innocent of the charges. Mitchell also argues that the deposits the Government relied upon were gross proceeds and not net profits, and that this is evidenced by his tax reporting for the relevant years.

Lastly, as to ground seven, he argues that he was denied his Sixth Amendment right to counsel of his choice, as he did not request that Klebanoff represent him in either case.

The Court will address each objection in turn.

## II. DISCUSSION

### A. Ineffective Assistance of Counsel

Under the two-part test announced in *Strickland v. Washington* for determining the validity of an ineffective assistance of counsel claim, Mitchell must show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010). Under the deficient

performance prong, Mitchell must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [her] by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The scrutiny of counsel's performance is highly deferential, and there is a presumption that counsel's conduct fell within the wide range of reasonable assistance. *Id.* at 689.

In order to satisfy the prejudice prong, Mitchell must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *United States v. Rice*, 449 F.3d 887, 897 (2006) (internal quotations omitted). Thus, it is not sufficient for Mitchell to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir. 2007) (citing *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir. 2004)). In addition, to the extent that Mitchell's claims arise out the plea process, he must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 60 (1985).

### 1. Ground One: the Government Breached Promise that Mitchell's Sentences would run Concurrently

Mitchell contends that he was promised by both the Government and his attorney that his sentences would run concurrently. He asserts that certain letters and/or emails support his allegation the Government and Klebanoff lied to him regarding concurrent sentences. However, the letter from Klebanoff states that the Government's counsel "promised me (though never in writing) to drop identity theft if you plead to the Social Security fraud and that any sentence you receive will run concurrent with the one you are

expected to get as a result of your former plea." (Doc. 37-1, p. 3). Mitchell concedes that there is nothing in the Plea Agreement that references this alleged promise. Instead, he argues that Klebanoff failed to insist that the Government's counsel's "promise" constitutes a binding plea under Federal Rule of Criminal Procedure 11(c)(1)(c).

When Mitchell signed the Plea Agreement on March 2, 2011, he agreed that "the plea agreement constitutes the entire agreement of the parties. Further, all parties agree that there are no oral agreements or promises which have been made to induce the defendant to plead guilty to the Information." (Doc. 4, p. 11-12).

"When an alleged oral promise is made prior to, or in conjunction with, a plea agreement, such promise cannot serve as an inducement to plead guilty when the defendant's 'plea agreement and plea-hearing representations negate such a claim.'" *United States v. Leach*, 562 F.3d 930, 935 (8th Cir. 2009) (quoting *United States v. Norris*, 20 Fed. Appx. 582, 583 (8th Cir. 2001) (unpublished per curiam). "This is because, '[a]bsent special circumstances, a defendant—quite as much as the government—is bound by a plea agreement that recites that it is a complete statement of the parties' commitments.'" *Leach*, 562 F.3d at 935 (quoting *United States v. Connolly*, 51 F.3d 1, 3 (1st Cir. 1995)). An integration clause "normally prevents a criminal defendant . . . from asserting that the government made oral promises to him not contained in the plea agreement itself.'" *United States v. Raifsnider*, 663 F.3d 1004, 1010 (8th Cir. 2011) (quoting *Leach*, 562 F.3d at 935-36).

In addition, at the plea hearing, this issue was completely addressed by the Honorable Jimm Larry Hendren, who made a detailed inquiry of Mitchell regarding whether the Government made such a promise, and whether he continued to contest the issue.

Specifically, when Judge Hendren asked Mitchell whether he was satisfied with Klebanoff's advice and services, and whether he read and signed his Plea Agreement, Mitchell responded affirmatively. Mitchell further acknowledged that he was neither forced nor coerced into signing the Plea Agreement. Judge Hendren also made further inquiry into Mitchell's speculation that his sentences were to run concurrently, and informed him that nothing in the Plea Agreement assured Mitchell that "any sentence you might receive in connection with this matter would . . . run concurrently . . . with anything else." (Doc. 14, p. 6). Mitchell replied that he understood and stated that he did not "recall any promises. It was just something my attorney had mentioned to me weeks ago." Mitchell then stated that he was content with the Plea Agreement.

Further, Mitchell erroneously relies on Rule 11(c)(1)(c) in support of his argument that the alleged oral promise as to the plea was binding on the Court. Mitchell fails to acknowledge that the Plea Agreement contains no such language binding the Court to sentence Mitchell to concurrent sentences. Accordingly, based upon the terms of the Plea Agreement, which was knowingly and voluntarily signed by Mitchell, as well as the extensive dialogue between Judge Hendren and Mitchell at the plea hearing, the Court believes Mitchell's objection regarding ground one is without merit.

Since Mitchell's argument was meritless, it was therefore reasonable for counsel not to raise it. Thus, Mitchell's first objection is overruled.

### 2. Ground Three: Prosecutorial Misconduct

Mitchell objects to dismissal of ground three regarding prosecutorial misconduct, contending that the Government's counsel acted in bad faith when she "threatened" that if he did not agree to plead guilty to the instant offense, she would not only indict him on

the instant offense but also on other charges. He also argues it was ineffective assistance of counsel for Klebanoff to remain silent regarding his offer to cooperate. However, Mitchell's contention is belied by his sworn testimony at the change of plea hearing, in which he stated that no one had forced or threatened him to sign the Plea Agreement. (Doc. 14, pp. 2-3). Further, the Eighth Circuit has held that there is no due process violation "when a defendant is openly presented with 'unpleasant alternatives of foregoing trial or facing charges on which he was plainly subject to prosecution.'" *United States v. Stenger*, 605 F.3d 492, 498 (8th Cir. 2010) (quoting *Luna v. Black*, 772 F.2d 448, 449-50 (8th Cir. 1985). "To constitute fear and coercion on a plea, [p]etitioner must show he was subjected to threats or promises of illegitimate action." *United States v. Goodman*, 590 F.2d 705, 711 (8th Cir. 1979), *cert. denied*, 440 U.S. 985 (1979) (internal quotation marks omitted).

Mitchell knowingly and voluntarily entered a plea of guilty to the Information and clearly indicated he was not threatened or coerced to enter his plea. Thus, Mitchell's second objection is without merit and will be overruled.

### 3. Ground Five: Failing to Argue that Punishing a Citizen More Severely Because of His Criminal History is to Punish Him as a Sub-Citizen

Mitchell alleges that Klebanoff was ineffective for failing to argue that consideration of his criminal history somehow violates his Fourteenth Amendment right to due process. However, the Magistrate correctly notes that consideration of his criminal history is authorized by statute. *See* 18 U.S.C. § 3553(a)(1). The sentence imposed here was imposed well within statutory authority, as it was issued with reference to the advisory United States Sentencing Guidelines, and with consideration of Mitchell's applicable

7

criminal history category.  Despite Mitchell's contention that his criminal history should not be considered when sentencing him for his crime, it is specifically authorized by statute. In addition, "[c]ourts have 'wide discretion at sentencing as to the kind of information considered or its source.'" *United States v. Dillon*, 545 Fed. Appx. 593, 594 (8th Cir. 2013) (quoting *United States v. Pratt*, 553 F.3d 1165, 1170 (8th Cir. 2009)).

Therefore, Mitchell's third objection is also without merit and will be overruled.

**4. Ground Six: Failing to Argue that Supervised Release is Unconstitutional**

Mitchell contends that adding a period of supervised release at the end of his term of imprisonment is a violation of his Fourteenth Amendment right to due process, and counsel was ineffective when he failed to argue this point at sentencing.  However, 18 U.S.C. § 3583 specifically provides for the inclusion of a term of supervised release after imprisonment.  The Eighth Circuit has held that it would only strike down a condition of supervised release as unconstitutionally overbroad "'if its overbreadth is real and substantial in relation to its plainly legitimate sweep.'" *United States v. Mefford*, 711 F.3d 923, 927 (8th Cir. 2013) *cert. denied*, 134 S.Ct. 242 (2013) (quoting *United States v. Thompson*, 653 F.3d 688, 695 (8th Cir. 2011).

In this case, the Presentence Investigation Report (PSR) provided that the guideline range for a term of supervised release was between two and three years, pursuant to U.S.S.G. § 5D1.2(a)(2).  (Doc. 7, p. 8, ¶ 45).  The Court placed Mitchell on supervised release for a term of three years, to run concurrently with the supervised release periods pronounced in his prior case—which were all within the guideline range.  Mitchell fails to

establish that the supervised release imposed is unconstitutionally overbroad, and therefore his fourth objection is without merit.

### B. Ground Two: the Government Breached the Terms of the Plea Agreement in Case No. 5:10-CR-50067 by Bringing the Charge in the Instant Case

Mitchell objects to dismissal of ground two because his charges in the instant case stem from the charges in his prior case, as the proceeds from the escort business for which he was convicted are the same proceeds he had fraudulently under reported as income on his application for social security benefits. In the Plea Agreement Mitchell signed in the prior case, the Government agreed that no other federal charges, "which stem from the activities described in the Superseding Indictment, will be brought against the defendant in the Western District of Arkansas." (Case No. 5:10-CR-50067, Doc. 56, ¶ 12). This issue turns on the interpretation of whether the charges stem from the Superseding Indictment in the prior case.

When interpreting a plea agreement, courts "apply general contract principles and try to discern the intent of the parties as expressed in the plain language of the agreement when viewed as a whole." *United States v. Lara-Ruiz*, 681 F.3d 914, 919 (8th Cir. 2012) (internal quotations and citation omitted). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such a promise must be fulfilled." *United States v. DeWitt*, 366 F.3d 667, 669 (8th Cir. 2004) (quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971)). Mitchell must show "that the Government made one of the promises he asserts and that the promise was part of the 'inducement or consideration' offered by the

government in exchange for his plea." *United States v. Raifsnider*, 663 F.3d 1004, 1009 (8th Cir. 2011).

The activities described in the Superseding Indictment in the prior case relate to Mitchell's prostitution ring and money laundering. By contrast, the charge in the instant case was not related to the prosecution ring or the money laundering, but rather was based upon the independent action Mitchell took in providing a false affidavit to the Social Security Administration. Hence, the charges in the instant case do not stem from the activities described in the prior case, and therefore, there was no breach of the plea agreement.

Thus, Mitchell's fifth objection is overruled.

### C. Ground Three: Actual Innocence

Mitchell maintains his innocence as to all charges, despite the fact that he admitted at the plea hearing that he committed the offense to which he was pleading guilty. Mitchell alleges that he is actually innocent and that his claim that he made less than $400 in the relevant tax years was true, as proven by his federal tax returns. He contends that while his gross income was substantially higher than $400, his net income was less than $400. Mitchell points to letters authored by Klebanoff expressing his belief in Mitchell's innocence.

"To establish actual innocence, Mitchell must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotations omitted). "Actual innocence means factual innocence, not mere legal insufficiency." *Id*. at 615.

Mitchell advances arguments contradicted by stipulated facts in his signed guilty plea. He argues that his income tax returns evidence that his income was below $400 for those years. However, he admitted in his signed Plea Agreement that the Government could prove he "owned and operated an escort service from 2006 through August of 2010, and his net income was substantially more than $400 each year." (Doc. 4, p. 4). In addition, at the plea hearing, Mitchell confirmed that the facts recounted in the Plea Agreement were true. When Judge Hendren inquired if the Government's counsel stated anything that was untrue, Mitchell replied "No, sir." (Doc. 14, pp. 16-17).

Therefore, Mitchell has failed to establish that he is actually innocent, and that it is more likely than not that no reasonable juror would have convicted him, and thus, his sixth objection will be overruled.

### D. Ground Seven: Denial of Sixth Amendment Right to Counsel of Choice

Mitchell argues that he was denied his right to counsel of choice because he did not request Klebanoff to represent him in either case. Mitchell argues that but for the Government's counsel's improper push to remove attorney Erwin Davis from his prior case, Davis would have been his counsel in the instant case.

This claim is without merit. Mitchell filed a Complaint on March 26, 2013, in the Western District of Arkansas, styled James B. Mitchell v. Erwin L. Davis, *et al.*, Case no. 5:13-CV-05064, against Davis and Klebanoff, for "fraud, malpractice, malfeasance, misfeasance, nonfeasance, incompetence, negligence, betrayal when [they] knowingly and intentionally conspired with prosecutors to violate Plaintiff's Constitutional rights, and theft, inter alia." (Case No. 5:13-CV-05064, Doc. 1). It would therefore appear that Davis was

not Mitchell's "counsel of choice." Further, on September 30, 2010, Davis filed a Motion to Withdraw As Counsel in the prior case, stating that discovery had revealed that "the Government intends to call as a witness a previous client of this attorney, and that this attorney's continued representation of the Defendant in this case would likely result in a conflict of interest." (Case No. 10-50067, Doc. 43).

Moreover, in an October 8, 2012 letter Davis wrote to the Office of Professional Conduct, Davis indicated that after speaking to the Government's counsel, he became convinced she was going to file a motion to disqualify Davis as attorney for Mitchell, resulting in a trial delay. Mitchell made it clear that he did not want a trial delay and Davis then recommended Klebanoff be hired to represent Mitchell.

Further, this objection belies Mitchell's continued confirmation at the plea hearing that he was satisfied with Klebanoff as his counsel. Therefore, the Court believes Mitchell has failed to establish that he was denied his right to counsel of choice, and his seventh objection is overruled.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation (Doc. 36) of the Magistrate Judge is **ADOPTED IN ITS ENTIRETY** and Plaintiff James B. Mitchell's § 2255 Amended Motion to Vacate (Doc. 20) is **DENIED** and his case is **DISMISSED WITH PREJUDICE**. Judgment will be entered contemporaneously with this Order.

**IT IS SO ORDERED** this 8th day of May, 2015.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE