# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                               PLAINTIFF

V.                      CASE NO. 5:10-CR-50067-001
                       CASE NO. 5:11-CR-50033-001

JAMES B. MITCHELL                                     DEFENDANT

## MEMORANDUM OPINION AND ORDER

Currently before the Court is Defendant James B. Mitchell's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 295). He seeks early release due to his deteriorating physical health. For the reasons stated in more detail below, the Court **DENIES** the Defendant's motion.

## I. BACKGROUND

Beginning in September of 2009, the Internal Revenue Service began an investigation of an escort service operating in Fayetteville, Arkansas and Springfield, Missouri. (Doc. 74, p. 5). The primary owner of the escort service was determined to be Mr. Mitchell. *Id.* Throughout the course of the investigation, it came to light that at least three of the escorts working for Mr. Mitchell were known to be under the age of 18. *Id.* at p. 6. On November 23, 2010, Mr. Mitchell pleaded guilty to Count One of an indictment charging him with Conspiracy to Use an Interstate Facility to Distribute Proceeds of an Unlawful Activity, and to Count Two, Conspiracy to Launder Monetary Instruments. *Id.* at p. 4). On June 20, 2011, Mr. Mitchell was sentenced to 60 months on Count One and 126 months on Count Two, to run concurrently. (Doc. 76, p. 2). Additionally, on a related charge, Mr. Mitchell pleaded guilty to an information charging him with Knowingly Making Fraudulent Statements to Obtain Social Security Payments. (Doc. 303, p. 4). As to that

1

conviction, the Court sentenced Mr. Mitchell to 12 months imprisonment to run consecutively with the previously discussed sentences. *Id.* at p. 6.

At the time of sentencing, Mr. Mitchell was 67 years old and suffered from high blood pressure, angina, migraine headaches, and a chronic cough. (Doc. 74, p. 19). Mr. Mitchell is currently 75 years of age and has been in custody since his arrest on August 11, 2010. (Doc. 295, p. 6). Mr. Mitchell is expected to be released on June 27, 2020. (Doc. 303, p. 8). On April 16, 2019, Mr. Mitchell submitted a Request for Administrative Remedy seeking compassionate relief to the warden at the facility where he is incarcerated. (Doc. 288, Exhibit O). The record indicates that Mr. Mitchell had previously made similar requests to the warden. It appears that those requests went unanswered. In any event, on June 19, 2019, the warden denied Mr. Mitchell's Request for Administrative Remedy. *Id.* Mr. Mitchell appealed the denial on June 21, 2019, and the Bureau of Prisons ("BOP") denied the appeal on October 8, 2019. (Doc. 295, p. 2).

## II. LEGAL STANDARD

The First Step Act of 2018 ("FSA") permits an inmate to seek a sentence reduction directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A)(i). Before the enactment of the FSA, a motion for compassionate release had to be filed by the Director of the BOP and an inmate could not unilaterally file one with the court. *See United States v. Fox*, 2019 WL 3046086, at *1 (D. Me. July 11, 2019). The FSA now allows inmates to file directly with the court, provided that certain requirements are satisfied. 18 U.S.C.

2

§ 3582(c)(1)(A). The Court finds that Mr. Mitchell has exhausted his administrative remedies within the BOP. Additionally, 30 days have lapsed since the receipt of Mr. Mitchell's request by the warden. Accordingly, this Court has jurisdiction to hear Mr. Mitchell's present motion.

Pursuant to the FSA, the Court may grant a defendant's motion for a reduction in sentence "after considering factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("USSG") as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). *See id.* The policy statement at USSG § 1B1.13(1)(A) contemplates a reduction in the term of imprisonment if "extraordinary and compelling reasons warrant the reduction." Application Note 1 defines "extraordinary and compelling reasons" to include the following:

(A) Medical Condition of the Defendant. –

- (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory.) A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

- (ii) The defendant is –
  - (I) suffering from a serious physical or medical condition,
  - (II) suffering from a serious functional or cognitive impairment, or
  - (III) experiencing deteriorating physical or mental health because of the aging process,

3

  that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of Defendant. -- The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

U.S.S.G. § 1B1.13 cmt. n.1. The Court notes that this policy statement predates the FSA and that federal district courts disagree as to whether it remains instructive. *See United States v. Brown*, 411 F. Supp. 3d 446, 447 (S.D. Iowa 2019) (highlighting the debate regarding the outdated policy statement). Although the Sentencing Commission has not updated nor adopted a new policy statement, the policy statement nonetheless provides guidance as to what constitutes extraordinary and compelling reasons. *See United States v. Schmitt*, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020) (stating that various courts agree that even though the policy statement has not been updated, it nevertheless provides helpful guidance on what constitutes extraordinary and compelling reasons).

## III. DISCUSSION

Mr. Mitchell's request for a reduction in sentence may be granted by this Court if it finds that (1) extraordinary and compelling reasons warrant such a reduction; and (2) the reduction in sentence is appropriate after considering the factors set forth in 18 U.S.C. § 3553(a). As previously discussed, this Court's interpretation of "extraordinary and compelling reasons" is informed by the applicable policy statement issued by the Sentencing Commission.

### 1. Extraordinary and Compelling Reasons

Mr. Mitchell complains of hypertension, gastroesophageal reflux disease, lower back pain, and benign prostatic hyperplasia. These ailments are not the kind of medical

conditions contemplated by Application Note 1 (A)(i). *See* U.S.S.G. § 1B1.13 cmt. n.1. (describing terminal illness as a "serious and advanced illness with an end of life trajectory"). Furthermore, Mr. Mitchell does not claim to have a terminal illness. Therefore, Application Note 1 (A)(i) is inapplicable.

The Court further finds that Mr. Mitchell has failed to demonstrate that his ailments substantially diminish his ability to provide self-care as required by Application Note 1 (A)(ii). Mr. Mitchell, in his motion, does not allege that his medical conditions impede his ability to provide self-care. He merely states that the "BOP has provided no documentation that Mr. Mitchell can expect to recover from his back condition or how such chronic back pain does not diminish Mr. Mitchell's ability to care for himself in a correctional facility." (Doc. 295, p. 7). It is Mr. Mitchell's burden to demonstrate that he cannot care for himself within the correctional facility. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (stating that it is defendant's burden to establish that a reduction is warranted). Furthermore, the Government points to Mr. Mitchell's job as a "DAP Orderly AM" as evidence that his medical conditions are not serious enough to justify a reduction in sentence. (Doc. 303, p. 15). The Court agrees with the Government. The notion that Mr. Mitchell can maintain a job but not provide self-care within the correctional facility is unconvincing. Accordingly, the Court finds that Mr. Mitchell has failed to articulate how his medical conditions substantially diminish his ability to provide self-care within the correctional facility.

Finally, the Court finds that Mr. Mitchell has failed to demonstrate that he satisfies all the requirements to receive a reduction in sentence for advanced age. At first glance, Mr. Mitchell satisfies two of the three requirements. Mr. Mitchell is at least 65 years old

5

and has served at least 75% of his prison term. However, the Court has serious doubts as to whether Mr. Mitchell's medical conditions constitute "a serious deterioration in physical . . . health because of the aging process." A reduction in sentence due to a medical condition is a rare event. *See White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019) (denying compassionate release to legally blind inmate suffering from macular degeneration and osteoarthritis in both knees); *United States v. Estrella*, 2019 WL 6689897, at *1 (D. Me. Dec. 6, 2019) (denying reduction in sentence to inmate who required the use of a cane, could not be assigned work duties, and spent "approximately 18 hours daily between his bunk and chair . . . in pain with limited movements"). The medical conditions about which Mr. Mitchell complains are arguably due to the aging process, but the Court is not convinced that ordinary geriatric ailments, including back pain, rise to the level of "extraordinary and compelling reasons" that are required to grant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). *See, e.g., United States v. Bellamy*, 2019 WL 3340699, at *3 (D. Minn. July 25, 2019) (granting compassionate release to 71-year-old wheelchair bound defendant who had heart problems, and suffered from diabetic kidney disease, among other conditions). Accordingly, Mr. Mitchell has not demonstrated that his medical conditions are sufficiently serious to grant him the requested reduction in sentence.

## 2. Section 3553(a) Factors

Even assuming Mr. Mitchell satisfies one of the categories for compassionate release set forth above, the factors set forth in 18 U.S.C. § 3553(a) do not support a reduction in sentence. The nature and circumstances of Mr. Mitchell's convictions are egregious, particularly when the Court considers the magnitude of Mr. Mitchell's escort

operation and the fact that some of the escorts were underage. Mr. Mitchell's sentence adequately reflects the seriousness of his offense. Just punishment requires that Mr. Mitchell serve the remainder of his sentence.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion (Doc. 295) is **DENIED.**

**IT IS SO ORDERED** on this \_\_\_3rd\_\_\_ day of February, 2020.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE